Denis F. Shanagher, State Bar No. 100222
William L. Marchant, State Bar No. 154445
LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Rincon Center II, 121 Spear Street, Suite 200
San Francisco, California 94105-1582
Telephone No.: 415.356.4600
Fax No.: 415.356.4610
E-Mail:  dshanagher@luce.com
         wmarchant@luce.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPUS NORTHWEST CONSTRUCTION CORPORATION, OPUS WEST CORPORATION AND OPUS ARCHITECTS & ENGINEERS, INC, <br><br> Plaintiffs, <br><br> v. <br><br> THE LFI GROUP, INC. dba THE OPUS REALTY GROUP AND ELDON CHAN, <br><br> Defendants. | Case No. C 06 2932 SI <br><br> **CONSENT DECREE AND [PROPOSED] ORDER** |

**CONSENT DECREE AND ORDER OF DISMISSAL WITHOUT PREJUDICE**

The above-entitled matter having been fully compromised and settled between the parties, the following Consent Decree and Order is made and entered by the undersigned, the Honorable Susan Illston, Judge of the United States District Court for the Northern District of California, pursuant to the Stipulation of the parties hereto and their respective counsel, and the written Settlement Agreement between the parties:

A.  Opus Northwest is the owner of the following federal trademark registrations: (1) OPUS, United States Trademark Registration No. 1,262,651, registered on December 27, 1983; and (2) OPUS plus design, United States Trademark Registration No. 2,520,075, registered on December 18, 2001 (hereinafter referred to collectively as the "Registered Marks");

B.  Opus Northwest's Registration No. 1,262,651 comprises architectural, engineering, and design services; construction services, namely, constructing commercial, residential, governmental, and industrial buildings for others; and leasing, purchasing, selling, and managing land and buildings for others.  Opus Northwest's Registration No. 2,520,075 comprises managing and leasing real property, namely land and commercial, industrial, and professional complexes to and for others; real estate investment; real estate brokerage; construction services in the field of building commercial, industrial and professional complexes for others; real estate development; architectural and engineering consulting services, namely, designing land developments and building improvements including commercial, industrial and professional complexes;

C.  The Opus Plaintiffs and their affiliates are also the owners of common law trademark rights in the mark "OPUS" and in their respective corporate and trade names (these common law rights and the Registered Marks will be referred to collectively herein as the "OPUS Marks");

D.  The Opus Plaintiffs and related companies are engaged in the provision of services, the sale of goods, and other commercial activities throughout the United States under the OPUS Marks;

E.  Defendants The LFI Group Inc., doing business as The Opus Realty Group, and Eldon Chan (hereinafter "Defendants") have used the trade names and marks, in whole or in part, without limitation, "The Opus Realty Group" and "opusrealty.com" ("ACCUSED Marks") in connection with the sale, offering for sale, distribution, advertising and promotion of, without limitation, real estate and financing services;

F.  The Opus Plaintiffs commenced the present civil action before this Court (the "Trademark Litigation") alleging, among other things, that Defendants had infringed upon the OPUS Marks, causing confusion among consumers and causing dilution of the OPUS Marks;

G.  The parties agreed to settle and resolve the Trademark Litigation and the issues between them, have entered into a written Settlement Agreement, and agreed to

enter into a Stipulation for Consent Decree and Order to document their settlement agreement.

NOW, THEREFORE, IT IS HEREBY ORDERED AND DECREED as follows:

The Opus Plaintiffs are the sole owners of and have the exclusive rights to use the OPUS Marks, whether alone or in conjunction with other words or designs, as their trademarks, service marks, or trade names, on or in connection with the provision, marketing and sale of any services, or any goods, or the conduct of any commercial activities, which are covered by or within the scope of the OPUS Marks, throughout the United States. Opus Northwest is the owner of the Registered Marks and such registrations are valid and subsisting. The marks have become, by virtue of long-standing use and acceptance in the market by consumers, strong and distinctive marks.

Defendants shall not hereafter contest the validity or ownership of any of the OPUS Marks, or the validity or ownership of any of said registrations, or oppose any application by the Opus Plaintiffs, or any of them, for federal registrations, or take any action against registration in the various States, of additional trademarks or service marks incorporating the name "OPUS" or "OPUS" with a design as a part thereof.

Use of the ACCUSED Marks by the Defendants is likely to cause confusion, mistake and deception among consumers and customers.

Defendants have represented for purposes of this Consent Decree and Order that they have the ability and authority to cause any use of the OPUS Marks or the publication of materials containing or incorporating the OPUS Marks by any parent, affiliate or subsidiary of Defendants to cease. Defendants represented further that they have the authority and capacity to insure that all parents, affiliates or subsidiaries of Defendants comply fully with all provisions of this Consent Decree and Order.

Defendants shall, as expeditiously as possible, and in any event on or before November 30, 2006:

Cease and permanently refrain from using or employing the trademark, service mark, corporate name, trade name or designation "OPUS," the ACCUSED Marks and/or

any OPUS Mark, whether alone or in conjunction with other words or designs in any manner for, or related to, the products, services, or commercial activities of the Defendants, or of any other company affiliated with or related to the Defendants, including, without limitation, using the trademark or name for promotional, marketing or advertising purposes or in any other way.

Take all steps necessary remove any and all references to the trademark, service mark, corporate name, trade name or designation "OPUS," the ACCUSED Marks and/or any OPUS Mark in conjunction with, without limitation, any publications, internet sites, websites, directories, listings, or state, federal, administrative or local authorities and provide proof such steps have been taken. To the extent such references are not the result of Defendants' affirmative actions and Defendants have no control or authority over such references, Defendants agree to cooperate with Plaintiffs in effectuating the removal of all such references.

Execute such documents and applications with the registrar of the "opusrealty.com" domain name provided by Opus Plaintiffs as may be necessary to effect assignment of the "opusrealty.com" domain name to Opus Northwest.

Defendants have represented that they have not licensed and shall not license the mark or name "OPUS" to anyone or give permission to anyone to use the mark or name "OPUS," whether alone or in conjunction with other words or designs.

Defendants shall not, expressly or impliedly represent themselves or their products or services as being affiliated in any manner with the Opus Plaintiffs, or any of them, or of any other company or person related or affiliated with any of the Opus Plaintiffs, or as authorized, sponsored or endorsed by or otherwise connected with the Opus Plaintiffs.

Defendants shall not engage in any conduct which will cause or is likely to cause confusion, mistake or misunderstanding as to the source, affiliation, connection, or association of their products or services with the Opus Plaintiffs or its Services, or with any of the OPUS Marks.

Defendants shall not hereafter seek to obtain state or federal trademark or service

mark registration or domain name registration of the term "OPUS" in any form, or of any of the OPUS Marks, whether alone or in conjunction with other words or designs, for use on or in connection the products or services of Defendants, or of any other related or affiliated company or enterprise.

Defendants shall require that their respective parents, subsidiaries and affiliated companies, and each of their owners, members, managers, directors, officers, attorneys, agents, representatives and employees, successors and assigns shall comply with all terms of this Consent Decree and Order in the performance of services on behalf of Defendants, the same as if they were parties hereto.

Defendants shall not disparage, whether orally or in writing, the Opus Plaintiffs' rights to their names and the OPUS Marks, or the manner in which such rights were acquired, nor shall they libel or disparage the Opus Plaintiffs' efforts to enforce or police the OPUS Marks, in connection with this matter.

Opus Plaintiffs, and their respective parents, subsidiaries and affiliated companies, and each of their owners, members, managers, directors, officers, attorneys, agents, representatives and employees, successors and assigns, shall not activate the "opusrealty.com" domain name prior to September 15, 2010.

Opus Plaintiffs shall not disparage, whether orally or in writing, the Defendants for their past use of any of the OPUS Marks, or the manner in which Defendants claim such rights were acquired, nor shall they libel or disparage the Defendants' efforts to defend themselves concerning the OPUS Marks, in connection with this matter.

A delay or failure by the Opus Plaintiffs, or any of them, to enforce any right arising under this Consent Decree and Order, or to enforce against any breach thereof, shall not be construed as a waiver of any such right or breach or any other right thereunder or breach thereof.

The parties hereto have agreed that any disputes concerning or arising out of their Settlement Agreement or this Consent Decree and Order, or any action or proceeding to enforce the same, shall be subject to the jurisdiction of and shall be determined by the

1  United States District Court for the District of California, and that for such purposes, each
2  and all of the parties are subject to personal jurisdiction in the District of California. This
3  Court shall retain jurisdiction solely for the purpose of enforcing the present Consent
4  Decree and Order and the Settlement Agreement between the parties concerning this
5  matter.
6     The above-entitled matter shall be and the same hereby is DISMISSED WITHOUT
7  PREJUDICE, each party to bear its own costs and attorneys fees.
8     LET JUDGMENT BE ENTERED ACCORDINGLY.

10  Dated: _____, 2006

11  _____
     The Honorable Susan Illston
12   Judge of United States District Court

15  210098.1